IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CREDIT UNION LIQUIDITY SERVICES, LLC, f/k/a TEXANS COMMERCIAL CAPITAL, LLC,** | § § § § § | |
| Appellee, | § § | |
| v. | § | Civil Action No. **3:10-CV-448-L** |
| | § | |
| **RIVES E. CASTLEMAN. RAG-LINCOLN GENPAR, LLC, BALLARD CASTLEMAN, WEBB MCCANN SOWDEN, III,** and **JEFFREY CHRISTOPHER BERRY,** | § § § § § § | |
| Appellant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Appellants' Motion for Leave to Appeal Under 28 U.S.C. § 158(a) filed March 3, 2010. After careful consideration of the motion, briefs, record, and applicable law, the court **denies** Appellants' Motion for Leave to Appeal under 28 U.S.C. § 158(a).

Appellants Rives E. Castleman ("Castleman") and Rag-Lincoln Genpar, LLC seek leave to appeal the bankruptcy court's February 1, 2010 Order Denying Motion of Defendants Rives E. Castleman and Rag-Lincoln Genpar, LLC for Disqualification Pursuant to 28 U.S.C. § 455 ("Disqualification Order"). Appellants contend that the bankruptcy court judge, Judge Stacey Jernigan, erred by not recusing herself pursuant to 28 U.S.C. §§ 455(a),(b)(2), and (b)(1).

A motion for recusal is committed to the discretion of the targeted judge, and the denial of such motion will only be reversed upon a showing of an abuse of discretion. *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (citing *United States v. Anderson,* 160 F.3d 231, 233 (5th Cir. 1998)). A judge abuses his discretion in denying recusal "where a reasonable man,

**Memorandum Opinion and Order – Page 1**

cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubt about that judge's impartiality." *Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir. 2003) (citing *Bremers* 195 F.3d at 226).

Appellants have failed to present sufficient evidence demonstrating an abuse of discretion. In their Motion for Disqualification, Appellants sought recusal pursuant to 28 U.S.C. §§ 455(a),(b)(2), and (b)(1), contending that Judge Jernigan's impartiality might be reasonably questioned due to her prior association with Haynes and Boone, LLP ("Haynes and Boone"), the law firm in which she was a partner, and served as real estate loan counsel and general counsel to Appellee. Appellants' Mot. at 2. In denying the motion, Judge Jernigan determined that she was not required to disqualify herself under §455(b)(2) because the transactions in controversy in this Adversary Proceeding all occurred after her tenure at Haynes and Boone. Disqualification Order at 17. Further, Judge Jernigan evaluated the relevant circumstances surrounding her relationship with her former law firm and made clear that she had no personal knowledge of any disputed evidentiary facts in the proceeding. She therefore concluded that it was unlikely that a reasonable person would harbor legitimate doubt as to her impartiality.[1] *Id.* In their Motion for Leave to Appeal, Appellants simply allege in conclusory fashion that the pleadings are "replete with

---

[1]The bankruptcy court determined that a reasonable person would not question Judge Jernigan's impartiality because:
> (a) the Bankruptcy Judge never personally represented [Appellee Credit Union Liquidity Services ("CULS")] or its affiliates during her entire career as a lawyer; (b) the Bankruptcy Judge never consulted with anyone at Haynes and Boone, LLP during her tenure there regarding a matter for CULS or its affiliates; (c) the Bankruptcy Judge never met anyone from CULS or its affiliates during her career as lawyer (at a social function, firm function, CLE function, or anywhere else to her knowledge); (d) the Bankruptcy Judge does not even have any awareness of CULS or its affiliates having been clients of Haynes and Boone, LLP during her tenure there as a lawyer. . . ; and (e) even if lawyers at Haynes and Boone, LLP represented CULS or its affiliates during the Bankruptcy Judge's tenure at Haynes and Boone, LLP, the Bankruptcy Judge is certain that any revenue attributable to this client would have been less than 1% of the firm's revenue during any given year.

**Memorandum Opinion and Order – Page 2**

statements of fact, public financial information, assertions and allegations, and opinion and conclusions" relating to the transactions in question originating and continuing through Judge Jernigan's tenure at Haynes and Boone. Appellants' Mot. at 4. Appellants, however, do not provide any of the pleadings or information to the court, and as such the court has insufficient evidence and documentation to support Appellants' contentions. The circumstances surrounding the denial of recusal do not raise legitimate doubt as to Judge Jernigan's impartiality, much less survive the heightened standard of abuse of discretion. Mere allegations without substance are insufficient to substantiate a claim of abuse of discretion. The court determines that Appellants have failed to satisfy their burden of proof and consequently, the motion for leave to appeal should be denied.

Moreover, the court determines that Appellants have failed to satisfy the standard for granting an interlocutory appeal from bankruptcy court as set forth in *Ichinose v. Homer National Bank (In re Ichinose),* 946 F.2d 1169, 1177 (5th Cir. 1991).[2] Accordingly, Appellants have failed to convince the court that the three elements of the standard set forth in *Ichinose* have been met. Consequently, Appellants' Motion for Leave to Appeal should be denied.

For the foregoing reasons, the court **denies** Appellants' Motion for Leave to Appeal Under 28 U.S.C. § 158(a).

**It is so ordered** this 7th day of October, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[2]The standard consists of three parts: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (citation omitted).